**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 18-05001-02-CR-SW-MDH** |
| **STEVEN RAMIREZ,**<br>**a.k.a. STEVEN RAMERIZ,** | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Steven Ramirez, to a term of incarceration of 120 months for Count 2 and to an appropriate term of supervised release.

**I. BACKGROUND**

Ramirez, on May 9, 2018, pleaded guilty pursuant to a written plea agreement to Count 2 of the Indictment, charging him with possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). On July 25, 2018, the final Presentence Investigation Report (PSR) was filed, indicating that Ramirez's base offense level, after acceptance of responsibility, for Count 2 was 21, with a criminal history category of II. (PSR ¶ 65). Ramirez's sentencing range is 41 to 51 months. (PSR ¶ 65). There is a statutory minimum sentence in this case for Count 2 of ten years and a maximum term of imprisonment of life, because

the defendant has a prior felony drug offense. (PSR ¶¶ 33; 36; 64). Neither party had objections to the PSR.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930. There are no objections to the PSR by either party.

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

Ramirez's PSR indicated that his sentencing range for Count 2 is 41 to 51 months. There is, however, a statutory minimum in this case of 120 months because the defendant has a prior felony drug offense. The Government concurs with these calculations.

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The defendant was involved in a large-scale conspiracy to distribute marijuana from California to Missouri. The conspiracy involved in approximately 133 kilograms of marijuana. Ramirez's actions assisted in the attempted distribution of large amounts of marijuana. A total

sentence of 120 months reflects the serious nature of this offense and the need for adequate punishment.

### 2. History and Characteristics of the Defendant

Ramirez has three criminal history points. Most significant, the defendant has prior felony drug convictions. Because of his prior conviction, the defendant's mandatory minimum sentence is ten years, or 120 months. The Government believes a sentence of 120 months would be a just punishment taking into account the defendant's history and characteristics.

### 3. Need to Promote Respect for the Law

Based on Ramirez's history and actions, the Government would contend that a substantial sentence is necessary to promote respect for the law, both on the part of Ramirez as well as on the part of the community. In this case, the Government believes a sentence of 120 months would promote this respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 120 months would provide a deterrent to this defendant and those who commit similar types of crimes. Despite whether this sentence will deter others from committing future crimes, a 120-month sentence will specifically deter Ramirez from committing additional crimes during his period of incarceration.

### 5. Need to Protect the Public from Further Crimes of the Defendant

Ramirez has shown that he is a danger to the community by his actions. A sentence of 120 months will give the community peace and security from Ramirez at least for the period of time he is incarcerated.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government would submit that this defendant would benefit from a program that allows him to obtain further education. The Government believes that the defendant would benefit from vocational training and other educational opportunities, as this would assist in his ability to obtain employment after his period of incarceration.

Ramirez has reported a history of substance abuse involving marijuana and cocaine. The Government believes that Ramirez would benefit from the 500 hour substance abuse treatment program offered by the United States Bureau of Prisons, and would not object to Ramirez's placement in the program.

### 7. The Need to Avoid Unwarranted Sentencing Disparities

Based on the criminal histories and actions of the other co-defendants, a sentence of 120 months is an adequate punishment and not disproportionate to the likely sentences of Ramirez's co-defendants.

## IV. **CONCLUSION**

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that Ramirez's role in the offense, behavior and history, the need to promote respect for the law, the need to protect the public from Ramirez, and any other statutory sentencing factors be considered in reaching an appropriate sentence. In conclusion, the Government respectfully requests this Court to impose a sentence of 120 months for Count 2. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By: */s/ Randall D. Eggert*
RANDALL D. EGGERT Mo Bar #39404
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this the 10th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.


                */s/ Randall D. Eggert*
                RANDALL D. EGGERT
                Assistant United States Attorney